CHARLES S. SCHULTZ & SON, INCORPORATED, A CORPORATION, RESPONDENT, v. MAX AND STANLEY H. KLIPPER, APPELLANTS.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellants, *Julius J. Seiden.*

For the respondents, *Isaac Gross.*

PER CURIAM.

This is an appeal from a summary judgment. So far as we can discover, no attempt is made to set up any defense on the merits, the suggestion being that if the court concludes that if the orderly course of procedure was not followed, the judgment should be reversed irrespective of merits. Without passing on this proposition, we have examined the record, and conclude that there was no irregularity which should vitiate the judgment.

After the filing of the answer there was a notice of motion to strike it out and for judgment, returnable March 9th. The usual affidavits were attached. The printed case does not show whether the motion was argued on March 9th. It does show a rule dated March 16th, extending until that date (*i. e.*, March 16th), the time of plaintiff to reply or to make any motion addressed to the answer. It seems to be claimed that this rule was improvident for some reason not clearly disclosed; but in any event we learn from the rule entered on April 4th that the motion was made on March 16th, that defendants refused to submit any affidavits on the merits, that the answer is sham, "and due notice of the motion to strike out having been served upon the defendants," judgment was ordered entered accordingly.

The first point, as we understand it, is that the notice of motion to strike out was given after expiration of time to reply—*ergo*, the notice is ineffective. *Sed non sequitur*. As we read the rules, failure to reply in due time is no bar to motion for summary judgment, except that such motion normally precedes reply. Rule 30. That was the situation in this case. As to the motion being delayed until March 16th, we find nothing to indicate that defendants challenged that step. Their counsel were present on the 16th, and contented themselves with refusing to go into the merits, though they had sufficient opportunity to do so. We must presume that the motion noticed for the 9th was properly continued to the 16th; there is no allegation to the contrary, and merely an intimation in the brief that no further notice was given. The fact that counsel were present on the 16th is in aid of the presumption.

It is not denied that the answer was sham, and the argument now made indicates that the appeal is frivolous. Let the judgment be affirmed.